UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LEWIS KAPLANSKI,                )   Case No.  CV 11-10644-PA (PJW)
                                )
                Plaintiff,      )
                                )   MEMORANDUM OPINION AND ORDER
        v.                      )
                                )
MICHAEL J. ASTRUE,              )
COMMISSIONER OF THE             )
SOCIAL SECURITY ADMINISTRATION, )
                                )
                Defendant.      )
_____ )

I.   INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").  He claims that the Administrative Law Judge ("ALJ") erred when she rejected the treating psychiatrist's opinion that he was disabled and accepted the reviewing psychiatrist's opinion that he was not.  For the reasons discussed below, the decision is reversed and the case is remanded for further consideration.

II.   SUMMARY OF PROCEEDINGS

In March 2009, Plaintiff applied for SSI and DIB, alleging that he was disabled as of May 2005, due to bipolar disorder and

1  depression.  (Administrative Record ("AR") 131-35, 148.)  His

2  applications were denied initially and on reconsideration.  (AR 77,

3  78, 79, 80, 83-99.)  He then requested and was granted a hearing

4  before an ALJ.  (AR 42-43.)  On June 14, 2010, he appeared with

5  counsel for the hearing.  (AR 47-73.)  On June 30, 2010, the ALJ

6  issued a decision denying benefits.  (AR 19-28.)  Plaintiff appealed

7  to the Appeals Council, which denied review.  (AR 1-6.)  This action

8  followed.

9                          III.  ANALYSIS

10      Plaintiff contends that the ALJ erred when he rejected the

11 opinion of the treating psychiatrist that Plaintiff's bipolar disorder

12 prevented him from working and accepted, instead, the opinion of the

13 reviewing psychiatrist that it did not.  (AR 26-27.)  For the

14 following reasons, the Court concludes that the ALJ erred.

15      "By rule, the [Agency] favors the opinion of a treating physician

16 over non-treating physicians."  *Orn v. Astrue*, 495 F.3d 625, 631 (9th

17 Cir. 2007); *see also Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir.

18 1999) (explaining that a treating physician's opinion "is given

19 deference because 'he is employed to cure and has a greater

20 opportunity to know and observe the patient as an individual'"

21 (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987))).  For

22 that reason, generally speaking, a treating physician's opinion that

23 is well-supported and not inconsistent with other substantial evidence

24 in the record will be given controlling weight.  *Orn*, 495 F.3d at 631.

25      That being said, however, an ALJ is not required to simply accept

26 a treating doctor's opinion.  Where, as here, the opinion is

27 contradicted by another doctor's opinion, the ALJ is empowered to

28 reject it for specific and legitimate reasons that are supported by

                                 2

1  substantial evidence in the record.  *See Thomas v. Barnhart*, 278 F.3d
2  947, 957 (9th Cir. 2002) (quoting *Magallanes v. Bowen,* 881 F.2d 747,
3  751 (9th Cir. 1989)); *Morgan*, 169 F.3d at 600.

4      Psychiatrist Vy Doan treated Plaintiff from July 2005 through
5  September 2010.  (AR 229-328, 359-62.)  Throughout this period, Dr.
6  Doan consistently diagnosed him with bipolar disorder and treated him
7  with psychotropic medication.  (AR 229, 278, 288, 328, 360-61.)  Dr.
8  Doan prepared three evaluations in connection with Plaintiff's
9  application for benefits.  In each, he opined that Plaintiff's
10  condition would interfere with his ability to function in the
11  workplace.  (AR 326-28, 356-57, 359-62.)  For example, in September
12  2010, Dr. Doan concluded that Plaintiff would be required to miss more
13  than three days of work each month and that he would often experience
14  difficulty concentrating at work and completing tasks.  (AR 362.)

15      The ALJ rejected Dr. Doan's opinion because it was on a check-
16  the-box form.  (AR 26.)  Though the Court would agree that, generally
17  speaking, this is a legitimate reason for rejecting a doctor's
18  opinion, *see, e.g., Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996)
19  (approving of ALJ's discounting of doctor's opinion because, among
20  other things, it was contained in a check-the-box form and did not
21  include an explanation for the opinion), the ALJ's reliance on that
22  reason in this case was a mistake.  In the first place, only one of
23  Dr. Doan's three opinions was on a check-the-box form.  (AR 356-57.)
24  The other two were presented on forms that required Dr. Doan to
25  explain the reasons for his views.  (AR 326-28, 359-62.)  Second, even
26  assuming that Dr. Doan's opinions were contained on check-the-box
27  forms, that would not be a sufficient reason for discounting them in
28  this case because the reviewing psychiatrist's opinion--that the ALJ

3

1   relied on in lieu of Dr. Doan's opinion-- was also contained on a
2   check-the-box form.  (AR 329-44.)  Fundamental notions of due process
3   require that, if an ALJ is going to reject the treating doctor's
4   opinion because it is on a check-the-box form, she has to apply this
5   same rule to the reviewing doctor's opinion; she cannot accept a
6   check-the-box opinion that supports her decision and reject the ones
7   that do not.[1]

8        The ALJ also rejected Dr. Doan's opinion because it was not well
9   supported.  (AR 26.)  In the ALJ's view, Dr. Doan's records did not
10  reveal "the sort of clinical abnormalities one would expect if the
11  claimant were actually as limited as assessed . . . ."  (AR 26.)
12  Plaintiff argues that the ALJ was applying her own medical expertise
13  in reaching this conclusion.  (Joint Stip. at 10-11.)  The Agency
14  disagrees.  It argues that the ALJ was legitimately questioning Dr.
15  Doan's opinion because it was not supported by his treatment notes,
16  citing *Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003).  Again,
17  the Court sides with Plaintiff.

18       The Court is unclear as to what clinical abnormalities were
19  missing from Dr. Doan's records and what the basis was for the ALJ's
20  finding that they were missing.  The record reveals that, beginning in
21  July 2005, Dr. Doan treated Plaintiff for bipolar disorder, seeing him
22  on average every two or three months.  (AR 229-328.)  During this

---

24       [1]  The ALJ also relied on reviewing psychiatrist R.E. Brooks'
25  "opinion."  (AR 26-27, 351.)  This opinion is contained on a single
    sheet, which appears to have been filled out almost completely by a
26  social security employee, requesting Dr. Brooks to "Please affirm."
    (AR 351.)  Dr. Brooks then apparently inserted the words, "Evidence
27  reviewed, assessment affirmed - Dr. Brooks, 08/05/09."  (AR 351.)
    This opinion, assuming that that is what it is, is obviously
28  significantly less valuable than a check-the-box opinion.

period, Dr. Doan recorded various observations about Plaintiff's
condition and his treatment.  At times, Dr. Doan noted that Plaintiff
showed improvement; at times he noted that Plaintiff did not.  At the
end of that five-year period, Dr. Doan repeated his initial diagnosis
of bipolar disorder and offered his opinion as to how this disorder
would impact Plaintiff's ability to function, particularly in the
workplace.  (AR 359-62.)

The ALJ--without citation to any authority or any medical
testimony--concluded that Dr. Doan's notations were not consistent
with what she would expect to see if Plaintiff truly suffered from
bipolar disorder.  (AR 26.)  This is not a legitimate basis for
questioning Dr. Doan's opinion.  Though the Court would agree that
there are some medical conditions, for example, a broken bone, that
fall within the realm of common sense and shared experience among lay
people, like judges, who could fairly predict what should be found in
a medical record, bipolar disorder does not appear to the Court to be
one of those conditions.  The Court cannot say with any certainty what
one should expect to see in a psychiatrist's chart notes for a patient
with bipolar disorder.  As such, the Court rejects the ALJ's second
reason for discounting Dr. Doan's opinion.[2]

---

[2]  From the tenor of the ALJ's decision, it is clear that she has
extensive experience in social security cases in general and in cases
involving psychiatric impairments specifically.  Thus, the Court
assumes that she has seen numerous applications where the claimant
suffered from bipolar disorder and, having reviewed the medical
records in those cases, has an understanding of what is typically
found in the chart notes of a bipolar patient.  Assuming this is true,
however, the ALJ is still not allowed to use her background and
experience to find that the treating psychiatrist's chart notes in
this case do not contain the type of clinical abnormalities typically
found in a bipolar patient's medical records.

1       Finally, the ALJ noted that Dr. Doan failed to provide an
2   explanation for the disconnect between what the ALJ expected would be
3   in the chart notes and what she actually found in the chart notes.
4   (AR 26.)  This finding is rejected for two reasons.  First, as
5   explained above, the ALJ did not provide any basis for her conclusion
6   that something was missing from the chart notes.  Second, one of Dr.
7   Doan's reports is missing two of five pages.  (AR 326-28.)  This
8   report, which is contained on a "Mental Disorder Questionnaire Form,"
9   contains Dr. Doan's most extensive explanations for his opinion.  (AR
10  327-28.)  (In fact, Plaintiff argues in the brief that the missing
11  pages reveal the basis for Dr. Doan's opinion.  (Joint Stip. at 8-9,
12  fn. 4.))  It is not clear why the pages did not make it into the
13  record.  But, regardless, the Court cannot affirm the ALJ's finding
14  that Dr. Doan's opinion should be disregarded because it was not
15  explained where it is clear that a significant part of Dr. Doan's
16  explanation was left out of the record.
17      In sum, the ALJ erred in accepting the reviewing psychiatrists'
18  opinions that Plaintiff was not impaired by his bipolar disorder over
19  the treating psychiatrist's opinion that he was.  On remand, the
20  parties should obtain a copy of Dr. Doan's report and include it in
21  the record.  Thereafter, the ALJ should reassess the psychiatrists'
22  opinions.  If she determines that check-the-box opinions should be
23  rejected for that reason alone, she should reject all check-the-box
24  opinions for that reason.  Finally, if the ALJ believes that Dr.
25  Doan's records are inconsistent with his opinion in that they do not
26  contain the clinical abnormalities typically found in the medical
27  records of a patient suffering from bipolar disorder, she should
28  explain what is missing and the basis for her finding that it is

missing.  Presumably, this will require the testimony of a medical expert.

IV.   CONCLUSION

For these reasons, the Agency's decision is reversed and the case is remanded for further consideration.[3]

IT IS SO ORDERED.

DATED: <u>October 25, 2012</u>

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\KAPLANSKI, 10644\memorandum opinion and order.wpd

---

[3]   The Court has considered Plaintiff's request that the case be remanded for an award of benefits and finds that this relief is not warranted here because it is not clear whether Plaintiff is entitled to benefits.

7